UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL YANDAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-CV-26-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN J.C. HOLLAND, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

**** **** **** ****

Plaintiff Michael Yandal is an inmate confined in the Federal Prison Camp in Manchester, Kentucky. Proceeding without counsel, Yandal has filed a civil rights complaint [R. 1] and an amended complaint [R. 7] asserting claims under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Yandal alleges that on numerous occasions between 2010 and 2012, Mail Room Supervisor John Benge and Warden J.C. Holland violated his constitutional rights and Bureau of Prisons' ("BOP") policy by improperly opening his incoming legal mail outside of his presence.

The Court conducts a preliminary review of Yandal's complaint because he has been granted permission to pay the filing fee in installments [R. 6] and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Yandal's complaint

1

under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts his factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Applying these principles, a complaint will fail to state a claim if it alleges facts that are "merely consistent with" a defendant's liability, but does not set forth sufficient additional facts to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009). Having reviewed the complaint, the Court finds that it must be dismissed because *Bivens* does not authorize suit against a federal official in his or her official capacity, and because Yandal failed to allege that either of the defendants was personally involved in the conduct about which he complains, as is required to warrant the imposition of personal liability.

## BACKGROUND

Yandal indicates that he was transferred to FPC - Manchester in May 2010[1] and that he was involved "in several different actions which were pending in various courts at the time of his transfer to Manchester FPC." [R. 1-3, at 1] Yandal states that on June 21, 2011, he received an order from a federal district court, and that the mailing was ". . .delivered opened and read." [R. 1-3, at 1]. He also claims that the envelope in which that order was mailed was postmarked May 13, 2011, and his belated receipt of the order ". . . interfered with his appeal rights," [R. 1-3, at 1] in a legal proceeding which he does not identify.

On June 24, 2011, Yandal submitted an "Inmate Request to Staff" form to John Benge,

---

[1] At one point Yandal alleges that he arrived at the prison in May 2011, [R. 1-3, p. 1] but he must have arrived in May 2010 because he included copies of many pieces of mail sent to him at FPC - Manchester prior to

the mail room supervisor at FPC - Manchester, complaining that his legal mail from the federal court had been opened outside of his presence. Benge allegedly responded that concerns about the postmark should be directed to the Postal Service, and that Yandal should review BOP mail policies. [*Id*.] After he reviewed BOP Program Statement 5265.11 and 28 C.F.R. §§ 542.18-19, Yandal concluded that "my legal mail had been mishandled every [time] since my arrival at Manchester FPC. " [R. 1-3, p. 1]

Yandal states that on June 28, 2011, he submitted a second request to staff complaining that mail room staff had improperly opened all of his incoming legal mail since his arrival at FPC - Manchester.[2] Yandal indicates that Benge denied his second remedy request on July 11, 2011 because the mailings he had identified lacked the specific handling instructions required for incoming legal mail, *i.e.*, "Special Mail-Open Only in the Presence of the Inmate" or similar language such as "Attorney /Client-Open only in the Presence of the Inmate," which is required for incoming legal mail under Program Statement 5800.16. [R. 1-3, at 2]

Yandal alleges that both then-warden Karen F. Hogsten and the BOP Regional Director denied his appeal because the envelopes Yandal presented lacked the necessary legal-mail markings. [*Id*., at 3] Yandal states that the BOP Central Office had not responded to his appeal within the time permitted by 28 C.F.R. § 542.18 or as of the date he filed his complaint. [*Id*.; R. 1, at 6]

Yandal alleges that Benge incorrectly interpreted BOP policy; that pursuant to BOP Program Statement 28 C.F.R. 542.19 and applicable Sixth Circuit law, courts are not required to stamp "Special Mail-Open Only in the Presence of the Inmate" on the outside of envelopes in

---

May 2011. [R. 1-6]
　　[2] Yandal has provided photocopies of envelopes sent by various courts to him in 2010 - 2012 [R. 1-6; R. 7-

which they are mailing documents to prisoners; and that his incoming legal mail from state and federal courts was improperly opened outside of his presence by mail room staff in violation of his rights guaranteed by the First Amendment of the United States Constitution. Yandal seeks monetary damages and injunctive relief preventing prison officials from further mishandling his incoming legal mail.

## DISCUSSION

Yandal's claims must be dismissed for several reasons. First, in his complaint, Yandal indicated that he was suing Warden Holland in his official capacity, and left the box indicating an individual capacity claim unchecked. [R. 1, p. 1] But a *Bivens* claim may only be asserted against a federal official only in his or her individual capacity. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011). A claim against a federal employee in his or her official capacity is essentially a suit against the United States, a claim barred by the sovereign immunity enjoyed by the federal government. *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003); *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Even had Yandal sued the defendants in their individual capacities, his allegations fail to state a claim against them. Yandal alleges that unnamed mailroom staff at the prison acted improperly by opening his incoming legal mail outside of his presence from 2010 through 2012, but he did not name any of them as defendants in this action. Yandal indicates that Benge and Holland denied his grievances complaining of that conduct, but does not suggest that they themselves opened his legal mail. A federal employee is only liable under *Bivens* if he or she personally performed or was directly involved in the acts which violated the plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Nwaebo v. Hawk-Sawyer*,

---

1] which he alleges contained legal materials and were improperly opened outside of his presence.

100 F. App'x. 367, 369 (6th Cir. 2003). A government official is not liable for the actions of his or her subordinates merely because he or she possesses authority to supervise their actions - a supervisory government employee is only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 552 U.S. 662, 676-77 (2009). And merely denying an inmate grievance contending that a subordinate's actions are inconsistent with constitutional guarantees does not itself create liability. *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), *Alder v. Corr. Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003). The claims against Benge and Holland will therefore be dismissed for failure to state a claim.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Michael Yandal's complaint [R. 1] and amended complaint [R. 7] are **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 15th Day of April, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge