UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL YANDAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-CV-26-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN J.C. HOLLAND, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Michael Yandal[1] has filed two motion seeking reconsideration of the Order dismissing his civil rights complaint and a motion seeking permission to file a supplemental complaint. [R. 13, R. 14]. For the reasons set forth below, both of Yandal's motions will be DENIED.

**I**

In January 2012, Yandal filed this civil rights action asserting claims under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Yandal alleged that on numerous occasions between 2010 and October 26, 2011, unidentified prison employees working in the USP-McCreary mail room violated his First Amendment rights and Bureau of Prisons' policy by improperly opening his incoming legal mail outside of his presence. Yandal named Mail Room Supervisor John

---

[1] Yandal, who is proceeding without an attorney, is an inmate confined in the Federal Prison Camp in Manchester, Kentucky.

Benge and Warden J.C. Holland as the two defendants to this action and asserted claims against them in their official capacities. [R. 1 at 1-2].

After screening the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") dismissing Yandal's official capacity claims against Holland and John Benge because *Bivens* claim may be asserted against federal officials only in their individual capacities. [R. 11 at 4]. The Court further determined that even if Yandal had sued Holland and Benge in their individual capacities, he would not have stated a viable claim against them because (1) Yandal alleged only that Holland and Benge denied his administrative grievances, *not* that they were directly involved in the improper opening of his incoming legal mail, and (2) the mere denial of administrative grievances would not have subjected Benge and Holland to liability under *Bivens*. [*Id.* at 4-5]. Finally, the Court concluded that although Yandal alleged that unknown prison mail room employees had improperly opened his incoming legal mail, he did not designate any of those unknown prison employees as defendants to this action. [*Id.*]

In his motion for reconsideration, Yandal alleges that the Court failed to evaluate his complaint as leniently as it should have; that the Court should have broadly construed that he was asserting First Amendment claims against the unknown prison mail room employees in addition to Benge and Holland; that he adequately stated a claim against the unnamed mail room staff at the prison; and that he was unaware "that it was possible or mandatory to place an unknown amount of BOP mailroom staff as the defendants." [R. 13 at 2]. Yandal contends that he named Holland and Benge as the only defendants to this action "because these names were the only names on the Responses from the institution during the

Administration Remedy Process." [*Id.*, p. 1]  Yandal also seeks permission to file a supplemental pleading to correct what he describes as "superficial errors."  [*Id.*, p. 3].

In his June 26, 2013, "Motion to Alter or Amend Judgment" [R. 14], Yandal contends that the Court erroneously denied his earlier Rule 59(e) motion in which he sought relief from the Opinion an Order.  Yandal alleges that the Court misconstrued his claims and failed to evaluate his claims under the more lenient standard afforded to *pro se* litigants, and that he should be permitted to amend his complaint.  [*Id.*, pp. 2-3].

**II**

Federal Rule of Civil Procedure 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice.  *See also*, *ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  A district court has discretion to grant or deny a Rule 59(e) motion.  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999).  Re-argument is not an appropriate purpose for a motion to reconsider.  *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).

Yandal cannot satisfy the first criterion of Rule 59(e), because the Court did not erroneously apply the law regarding his failure to name as defendants the person or persons who allegedly violated his First Amendment rights, *i.e.*, the unidentified prison mail room employees.  Yandal could have easily stated in his complaint that he was asserting claims against the unknown mail room employees, simply by designating "John Doe Mail Room

3

Employees" or "Un-named Mail Room Employees" as defendants to this action, but he did not do so. Yandal argues in his Rule 59(e) motion that the Court should have known that he intended to sue the unknown prison mail room employees. Contrary to Yandal's assertion, however, "District judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A district court is not required to engage in a "guessing game" in order to determine the nature of the claims which a prisoner is asserting, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989), "nor should the court be obliged to guess the identity of the persons sued." *Wilske v. Granholm*, No. 08-13270, 2008 WL 4852678, at *3 (E.D. Mich. Nov. 7, 2008).

Yandal named only two defendants: Benge and Holland, which signified to the Court that he intended to assert claims against only those two specific individuals, not against other named or unnamed individuals who were not designated as actual or potential defendants. *See Whaley v. Woodford County Sheriff*, No. 03–6460, at p. 3 (6th Cir. September 29, 2004) (Unpublished) (finding that this Court properly dismissed, *sua sponte*, plaintiff's Eighth Amendment claims against City of Versailles and the Versailles Police because he did not allege the implementation of an unconstitutional county policy or procedure, but instead attacked the conduct of specific law enforcement officials not named as defendants in the complaint); *Allnutt v. Grant County Detention Center*, No. 2:11-CV-37-HRW, 2011 WL 1097748, at *3 (E.D. Ky. March 22, 2011) (dismissing the plaintiff's claims against Grant County, Kentucky, because he alleged only that four county jail employees who were not named as defendants to his § 1983 action violated his constitutional rights)

Had Yandal manifested his intention to assert claims against the prison mail room

employees in his complaint, the Court could have entered an order giving Yandal 120 days in which to identify the unknown mail room officials, pursuant to Fed. R. Civ. P. 4(m). Naming "John Doe Defendants" is not favored in the federal courts, *Washington v. Brownstown Police Dept.*, No. 1:04-CV-10352, 2008 WL 2478338 * 2 (E.D. Mich., Jan 16, 2008) (citing *Haddad v. Fromson*, 154 F.Supp.2d 1085, 1093 (W. D. Mich., 2001), but in many cases, doing so must be the starting point if the plaintiff does not know the actual name of the defendant or defendants he wishes to sue. "Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may initially file a complaint that names an unknown defendant by using a 'John Doe' or 'Richard Roe' appellation or similar pseudonym." *Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009). Assuming that Yandal could have, within that 120-day period, identified any or all of the prison mail room employees who allegedly opened his incoming legal mail outside of his presence, Yandal could have then moved to amend his complaint to substitute any newly identified mail room employees as named defendants. But because Yandal did not put the Court on notice of his intention to assert *Bivens* claims against any prison room employees at any time, none of those events transpired.

Further, Yandal's complaint was filed on January 30, 2012, and was not dismissed until April 15, 2013, well over a year later. At no time during the pendency of this action did Yandal attempt to amend his complaint to assert claims against the unknown, or "John Doe" prison mail room employees. Allowing Yandal to amend his complaint at this time is not an option, as personal injury actions brought in Kentucky under *Bivens* are subject to a one-year statute of limitations. *See* Ky. Rev. Stat. § 413.140(1)(a); *Berndt v. Tennessee*, 796 F.2d 879,

5

883 (6th Cir. 1986).

Where an amendment to a complaint would add a new party, the amendment must come within the statute of limitations period or relate back to the original filing date of the complaint. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Yandal would have needed to file such an amendment at the very latest by January 30, 2013, one year after the date on which he filed his complaint , for the amendment to be timely. A plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a "mistake concerning the proper party's identity" within the meaning of Rule 15(c)(1)(C)(ii). *Smith*, 2009 WL 3762961, at *6. "Amending a complaint to add or substitute a named defendant for an unknown John Doe defendant is considered a change in parties, not a mere substitution of parties." *Id*., (citing *Moore v. Tennessee*, 267 F. App'x 450, 455–56 (6th Cir. 2008); *Force v. City of Memphis*, 101 F.3d 702, 1996 WL 665609, at **3–4 (6th Cir. Nov.14, 1996); *Pierce v. Hamblen County, Tennessee*, No. 2:09-CV-34, 2009 WL 2996333, at **1-2 (E.D. Tenn. Sept.16, 2009); *Dubose v. City of Morristown*, No. 2:07-CV-115, 2009 WL 1766008, at *6 (E.D. Tenn. June 22, 2009)).

The Court also did not misinterpret or misapply well established case law concerning Yandal's claims against the two individuals he did name as defendants (Holland and Benge). As noted in the Memorandum Opinion and Order, a supervisory government employee is only liable for his or her own misconduct, *Ashcroft v. Iqbal*, 552 U.S. 662, 676-77 (2009). Yandal states in his motion that "it should have been obvious that Holland and Benge were not the direct parties responsible for opening his mail, but were responsible for not taken [sic] the appropriate action against their subordinates once this constitutional violation was

first complained of by the Plaintiff." [R. 13 at 2]. As to exactly *when* Yandal first notified Holland and/or Benge of the alleged illegal mail-opening activity, Yandal stated in his complaint that he filed administrative grievances between July 2011 and October 2011, alleging that the mail room staff had improperly opened his incoming legal mail. [R. 1 at 5-6] Yandal did not, however, allege that *prior* to filing those administrative grievances, he made Holland or Benge aware of alleged legal-mail opening violations at the prison and that they either condoned or failed to stop the alleged unconstitutional activity. Yandal's claims against Holland and Benge are based on their failure to respond to his grievances in manner satisfactory to him, but as explained in the Memorandum Opinion and Order [R. 11 at 4-5], supervisory prison officials are not liable for the actions of their subordinates merely because they possessed authority to supervise the subordinates, *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), or because they denied an inmate's administrative grievances, *Alder v. Corr. Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, the claims against Holland and Benge were properly dismissed.

As also stated in the Memorandum Opinion and Order, a federal employee is liable under *Bivens* only if he personally performed or was directly involved in the acts which violated the plaintiff's constitutional rights. [R. 111, pp. 4-5, citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)]. Yandal made no such allegation in his complaint, and he plainly states in his current motion that Holland Benge were not directly involved in the legal mail-opening activities.

As for the second and third criteria under Rule 59(e), Yandal points to neither newly discovered evidence not an intervening change in the controlling law. Regarding the fourth

7

and final criterion under Rule 59(e), Yandal has not demonstrated that manifest injustice will result if his motion to reconsider is denied. Even accepting as true Yandal's allegation that the prison mail room staff improperly opened his incoming legal mail, Yandal did not allege that he suffered any actual prejudice to any ongoing or contemplated litigation because of that alleged action. When a prisoner alleges that prison officials have interfered with his legal mail, he must establish prejudice to his ability to access the courts in order to state a First Amendment claim. *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (rejecting prisoner's First Amendment claim because he did not allege that the guard's interference with his legal mail in any way affected his access to the courts); *Corsetti v. McGinnis*, 24 F. App'x. 238, 241 (6th Cir. 2001) ("Regarding the alleged reading of Corsetti's legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants' reading of the papers caused actual injury or 'hindered his efforts to pursue a legal claim.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### III

In Yandal's Motion to Alter and Amend [R. 14], Yandal repeatedly refers to an order which has never been entered in this proceeding, stating:

> "Subsequent to the Petitioner's Motion for Reconsideration of the Judgment entered in this case pursuant to F.R.C.P. 59(e), *this Honorable Court issued it's Order denying said Motion*, stating that 'Yandal contends the Court erred [in] its legal conclusions regarding each of his claims.' The Court states further that '[w]here, as here, a party simply disagrees with the district court's conclusions, the appropriate vehicle for relief is appeal, not a motion to alter or amend a judgment,' citing *Graham*."

[*Id*. at 1] (emphasis added). Yandal goes on to state that "*by denying the Petitioner's Motion To*

*Reconsider*, this Court has also allowed manifest injustice to occur." [*Id*. at 2] (emphasis added).

The record of this proceeding reveals that the Court has entered no previous orders denying either of Yandal's Rule 59(e) motions. Therefore, Yandal is patently mistaken in his factual assertions. Regardless of Yandal's apparent confusion about the procedural history of this case, he has not established grounds entitling him to relief under Rule 59(e). Yandal fails to demonstrate in his second motion that the Court's prior Order was premised on a clear error of that law. In addition, Yandal's second motion fairs no better in showing that after the Order was entered, he discovered "new" evidence, or that a change in intervening change in the controlling law evolved, or that the Order results in manifest injustice. Yandal merely reiterates his disagreement with the result reached in the Order. However, as discussed, that is insufficient to warrant relief from judgment under Rule 59(e).

For the above stated reasons, neither of Yandal's motions set forth grounds entitling him to relief under Rule 59(e). Both motions will be denied.

## IV

Accordingly, it is hereby **ORDERED** as follows;

(1) Michael Yandal's Motion to Reconsider 1915 Review and Motion to Supplement Pleadings [R. 13] is **DENIED**;

(2) Yandal's Motion to Alter or Amend Judgment [R. 14] is **DENIED**.

This 28th Day of June, 2013



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge